**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE SANCHEZ, a.k.a. Jose Leonardo Angulo-Sanchez, a.k.a. Jose Angulo-Sanchez, a.k.a. Jose Leonardo Angulo, a.k.a. Jose Angulo, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-71552 <br><br> Agency No. A097-894-447 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Jose Sanchez, a native and citizen of Nicaragua, petitions for review of the

Board of Immigration Appeals' ("BIA") order summarily affirming an

immigration judge's ("IJ") decision denying his application for asylum and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports the IJ's determination that the cumulative harm Sanchez suffered in Nicaragua, which included employment discrimination and harassment, did not rise to the level of persecution.  *See Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003).  Substantial evidence also supports the IJ's finding that Sanchez failed to demonstrate a well-founded fear of future persecution because it is too speculative to assume that he will be persecuted as a result of the Sandinistas' return to power.  *See id.* at 1018.  Accordingly, Sanchez's asylum claim fails.

Because Sanchez did not establish eligibility for asylum, it necessarily follows that he did not satisfy the more stringent standard for withholding of removal.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, we deny Sanchez's request for judicial notice of evidence that was available before the BIA's decision.  *See* 8 U.S.C. § 1252(b)(4)(A); *cf. Gafoor v. INS*, 231 F.3d 645, 655-57 (9th Cir. 2000).

**PETITION FOR REVIEW DENIED.**